UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER RODGERS,

    Plaintiff,

    v.                       CAUSE NO.: 3:19-CV-336-JD-MGG

CURTIS HILL, et al.,

    Defendants.

## ORDER

Christopher Rodgers, a prisoner without a lawyer, signed and filed a complaint and an in forma pauperis motion. On the complaint he included the names of nine other plaintiffs: Donnell Wilson, Jonte' Crawford, Gemari Cotton, Jamar Lewis, Luis Bailey, Christopher M. Pitcock, Lesnick Jones, Gabriel Edwards, and Alex Robertson. However, none of them signed the complaint and none filed an in forma pauperis motion. It is unclear whether any of them knew they were being named in a federal lawsuit. It is unclear whether any of them understood Rodgers is not an attorney and cannot represent them. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). It is unclear whether any of them realized every prisoner plaintiff must individually pay the full filing fee without regard to how much any other plaintiff paid. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (A prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff."). Because there is no indication any of the other nine plaintiffs voluntarily joined this lawsuit, they will be

dismissed. Nevertheless, if any of them want to file a lawsuit, they can obtain a Prisoner Complaint (INND Rev. 8/16) form and a Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16) form from the prison law library and use them to file their own separate lawsuits.

Because Rodgers signed the complaint, he alone will proceed in this case. Rodgers brings this civil suit asking the court to declare unconstitutional Indiana Code 31-30-1-4 because it provides that Indiana juvenile courts do "not have jurisdiction over an individual for an alleged violation of [various serious crimes] if the individual was at least sixteen (16) years of age but less than eighteen (18) years of age at the time of the alleged violation." Rodgers is also seeking injunctive relief to prevent the application of that statute and monetary damages for having been subjected to it.

However, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, Rodgers does not allege his conviction has been overturned in any way and it is not plausible to infer that it has been. Therefore based on this complaint, he cannot proceed for declaratory relief or monetary damages. Nevertheless, if he was subjected to Indiana Code 31-30-1-4 in the past for a conviction

which has since been overturned somehow, he may file an amended complaint providing those facts. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

As for his request for injunctive relief preventing the future application of Indiana Code 31-30-1-4, Rodgers lacks standing. "A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979). Here, though Rodgers was sixteen or seventeen when he committed the murder for which he pleaded guilty in 2014, he is now older than eighteen and so there is no possibility Indiana Code 31-30-1-4 could be applied to him in the future. *See State v. Rogers*, 49G05-1306-MR-042089 (Marion Superior Court 5 filed June 27, 2013), https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik5qWTROVEV5T1RFeE1EVXdPalExT0RneE5UY3hNMlk9In19. Thus, he cannot demonstrate a realistic possibility of injury in the future.

Finally, though Rodgers asks for class certification in the complaint, that would not be appropriate because Rodgers cannot be a class representative for the reasons explained above. Moreover, he is proceeding without counsel and it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009) and *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000).

For these reasons, the court:

(1) DISMISSES Donnell Wilson, Jonte' Crawford, Gemari Cotton, Jamar Lewis, Luis Bailey, Christopher M. Pitcock, Lesnick Jones, Gabriel Edwards, and Alex Robertson;

(2) WAIVES the filing fee for Donnell Wilson, Jonte' Crawford, Gemari Cotton, Jamar Lewis, Luis Bailey, Christopher M. Pitcock, Lesnick Jones, Gabriel Edwards, and Alex Robertson;

(3) DIRECTS the clerk to send a copy of this order to Donnell Wilson, Jonte' Crawford, Gemari Cotton, Jamar Lewis, Luis Bailey, Christopher M. Pitcock, Lesnick Jones, Gabriel Edwards, and Alex Robertson;

(4) GRANTS Christopher Rodgers until **May 30, 2019**, to file an amended complaint providing facts about how his conviction related to Indiana Code 31-30-1-4 has been overturned; and

(5) CAUTIONS Christopher Rodgers if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on May 2, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4