UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER RODGERS,

    Plaintiff,

    v.

CURTIS HILL, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-336-JD-MGG

OPINION AND ORDER

Christopher Rodgers, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Rodgers alleges that, in 2013, he was seventeen years old, and he was charged as an adult without a hearing as to whether the jurisdiction of the juvenile court should be waived. Rodgers specifically refers to Ind. Code § 31-30-4-1, which provides that the State juvenile court does not have jurisdiction over individuals who are at least sixteen years old and have committed certain enumerated crimes. He asserts that the statutory scheme violated his right to procedural due process because he did not receive an investigation and hearing. He further asserts that the statutory

scheme violated his right to equal protection because he was treated differently than other offenders under the age of eighteen. For his claims, Rodgers seeks money damages.

Significantly, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, Rodgers does not allege his conviction has been overturned in any way and it is not plausible to infer that it has been.

Rodgers maintains that *Heck* does not apply because his claims, if successful, would not affect his conviction or sentence. However, under Indiana law, a child under the jurisdiction of a juvenile court cannot be convicted of a crime, Ind. Code § 31-32-2-4, and "an improper waiver of jurisdiction by the juvenile court would void any subsequent adult criminal action." *Shepard v. State*, 273 Ind. 295, 297, 404 N.E.2d 1, 3 (1980). In other words, a finding that Rodgers was improperly removed from juvenile court or should not have been charged as an adult would have substantial consequences on his conviction and sentence. Consequently, *Heck* bars Rodgers from proceeding on the amended complaint.

Further, even if *Heck* does not apply, Rodgers' claims are subject to a two-year statute of limitations. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*,

406 F.3d 926, 929 (7th Cir. 2005). "A § 1983 claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). The statutory scheme for juvenile jurisdiction was publicly available when Rodgers was charged as an adult in 2013, and, with reasonable diligence, he could have become aware of the facts underlying his claims at that time. Therefore, assuming that *Heck* does not apply, Rodgers filed this lawsuit five years after the limitations period expired, and his claims are untimely.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim upon which relief can be granted but without prejudice.

SO ORDERED on August 28, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT